TITUS BLATTER & Co. v. UNITED STATES[1]

United States Custom Court, Second Division

(Decided December 28, 1938)

Strauss & Hedges (Howard C. Carter of counsel) for the plaintiffs.
Charles D. Lawrence, Acting Assistant Attorney General (Webster J. Oliver and Charles J. Miville, special attorneys), for the defendant.

[1] O. D. 71.

Before Tilson, Kincheloe, and Dallinger, Judges

Kincheloe, Judge: The merchandise the subject of this suit is certain colored cotton cloth imported from Belgium. It was assessed with duty as such under the provisions of paragraph 904 of the Tariff Act of 1930 at 33.45 per centum, the appropriate rate according to yarn number and condition.

When the case was called for trial counsel for the plaintiffs abandoned all claims relating to the classification of the merchandise, and limited the protest to the claim for a reduction in the duty assessed of 20 per centum by virtue of the trade agreement with Cuba, promulgated in T. D. 47232 (66 Treas. Dec. 189), entered into pursuant to the provisions of section 350 (a) of the Reciprocal Trade Agreement Act of June 12, 1934 (48 U. S. Stat. at Large 943).

The merchandise in question was imported after the enactment of the Reciprocal Trade Agreement Act of June 12, 1934 (section 350 of the Tariff Act of 1930), and after the proclamation of the trade agreement with Cuba, entered into in accordance with the terms of said section 350, which, so far as pertinent, reads as follow:

Sec. 350 (a) * * * the President, whenever he finds as a fact that any existing duties or other import restrictions of the United States or any foreign country are unduly burdening and restricting the foreign trade of the United States * * * is authorized from time to time—

(1) To enter into foreign trade agreements with foreign governments or instrumentalities thereof; and

(2) To proclaim such modifications of existing duties and other import restrictions, or such additional import restrictions, or such continuance, and for such minimum periods, of existing customs or excise treatment of any article covered by foreign-trade agreements, as are required or appropriate to carry out any foreign-trade agreement that the President has entered into hereunder. No proclamation shall be made increasing or decreasing by more than 50 per centum any existing rate of duty or transferring any article between the dutiable and free lists. The proclaimed duties and other import restrictions shall apply to articles the growth, produce, or manufacture of all foreign countries, whether imported directly, or indirectly: * * *.

(b) Nothing in this section shall be construed to prevent the application, with respect to rates of duty established under this section pursuant to agreements with countries other than Cuba, of the provisions of the treaty of commercial reciprocity concluded between the United States and the Republic of Cuba on December 11, 1902, or *to preclude giving effect to an exclusive agreement with Cuba concluded under this section, modifying the existing preferential customs treatment of any article the growth, produce, or manufacture of Cuba:* [Italics ours].

The part of article III of the said trade agreement with Cuba, which plaintiffs seek to make applicable to the merchandise in question, reads as follows:

Every article the growth, produce, or manufacture of the Republic of Cuba which is not provided for in Article 1, and which is not enumerated and described in Schedule II annexed to this Agreement, shall, on importation into the United States of America, be granted an exclusive and preferential reduction in duty of

not less than 20 per centum, such percentage of reduction being applied to the lowest rate of duty now or hereafter payable on the like article the growth, produce, or manufacture of any other foreign country.

The treaty between the United States and Belgium under which the plaintiff claims this merchandise is entitled to the benefit of the reduction of duty under the said section 350 is A Treaty of Commerce and Navigation with Belgium concluded on March 8, 1875, and proclaimed on June 29, 1875. The first part of article XII of said treaty reads as follows:

In all that relates to duties of customs and navigation, the two high contracting parties promise, reciprocally, not to grant any favor, privilege, or immunity to any other State which shall not instantly become common to the citizens and subjects of both parties respectively; gratuitously, if the concession or favor to such other State is gratuitous, and on allowing the same compensation, or its equivalent, if the concession is conditional.

At the trial of the case no evidence was introduced. The case was submitted on the record and time was allowed both parties for the filing of briefs.

Briefly stated, plaintiffs' contention is as follows:

(1) That the italicized portion of section 350 (b), *supra,* means there must be, in addition to an exclusive agreement with Cuba, one which also modifies existing preferential customs treatment accorded to the particular goods under consideration when imported from Cuba.

(2) That unless both of those conditions prevail, the operation of the provisions of section 350 (a), *supra,* must extend to all foreign countries.

(3) That the preferential customs treatment of the merchandise at bar which existed under the Treaty of Commercial Reciprocity with Cuba of December 11, 1902, has not been modified by the present trade agreement.

(4) That therefore the trade agreement with Belgium, heretofore referred to, generalizes the benefits of all trade agreements, thereby giving to the merchandise in question the preferential treatment accorded under the treaty with Cuba.

There have been many cases before the courts involving the provisions of the reciprocal trade agreement with Cuba of August 24, 1934, entered into pursuant to said section 350 of the Tariff Act of 1930, and some of those cases presented the same issue that is before us in this case. That is conceded by counsel for the plaintiffs in their brief filed herein. Among such cases, where the identical issue was presented, is the case of *R. J. Prentiss & Co., Inc.* v. *United States* (C. D. 49).

In answering the argument of counsel for the plaintiff in the *Prentiss* case, *supra,* which argument was expressed in the same language as

that which appears in their briefs in this case, the court, speaking through Judge Brown, very aptly stated:

With that construction of section 350 we are unable to agree. The whole scheme of the Cuban Reciprocity Law of 1902 and of the so-called Trade Agreement Law looks to exclusive preferential customs treatment to Cuba at the same time that concessions made in trade agreements with other countries are to be generalized to all other countries on the favored-nation principle.

By providing expressly that trade agreement changes in the Cuban preferential should not be generalized Congress does not by its language, as we read it, imply that if there is no change in the Cuban treaty preferential by a trade agreement that at once becomes generalized, and in effect ceases to be a preferential.

The language must be construed as a whole and it would have a self-contradictory effect if the plaintiff's construction viewing it piece-meal should prevail.

We therefore hold that, consistent with the plan of the original reciprocity treaty and with any trade agreement which does change the Cuban preferential, the language properly construed does not mean that merely failing to change the Cuban preferential, i. e., leaving it as the original 20 per centum on a particular article, would destroy the preferential and generalize the reduction to other countries * * *.

With that conclusion we heartily concur, and so hold in this case.

We also hold that the favored-nation clause in the treaty with Belgium, hereinabove referred to, acquires no further force or effect by reason of the language of the said section 350 of the Tariff Act of 1930. That conclusion is supported by many decisions, both by the Supreme Court and lower courts, wherein it has been held that the construction placed upon a favored-nation clause cannot bring within its scope the terms of a special agreement granting exclusive rights to one country over another. See *Bartram* v. *Robertson* (122 U. S. 116) and *Whitney* v. *Robertson* (124 U. S. 190). That the treaty with Belgium invoked herein by the plaintiffs contains what is typical of what is known as a conditional favored-nation clause is conceded by counsel for the plaintiffs in their brief.

The protest is overruled and the decision of the collector affirmed. Judgment will be rendered accordingly.